UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
George L. Martinez,                                           :

                        Plaintiff,                  :     20 Civ. 5950

          - against -                                      :     **COMPLAINT AND JURY DEMAND**

Paul Yonkers Plumbing And Heating, Inc., Paul   :     **JURY TRIAL DEMANDED**
Yonkers and Paul Yonkers, Jr.,
                                   :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION

1.      This case is about a plumbing company and its ownership/management that unlawfully failed and refused to pay a Hispanic employee for overtime work, unlawfully discriminated against him by among other items making racist comments to him, and fired him when he complained about the unlawful conduct.

2.      The legal claims in this lawsuit include:

     (a)     failure to pay wages/overtime pay, in violation of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201 *et seq.* (Count One);

     (b)     retaliation in violation of the FLSA, *see, e.g.*, 29 U.S.C. § 215(a)(3) (Count Two);

     (c)     failure to pay wages/overtime pay, in violation of the New York State Labor Law (the "Labor Law" or "NYLL") (Count Three);

     (d)     retaliation in violation of the NYLL, *see, e.g.*, Labor Law § 215 (Count Four);

     (e)     breach of contract, unjust enrichment, and promissory estoppel under the common law (Counts Five, Six and Seven);

     (f)     failure to provide required wage statements in violation of the New York Wage Theft Prevention Act, codified within the Labor Law (the "Wage Theft Prevention Act") (Count Eight);

     (g)     unlawful discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count Nine);

     (h)     unlawful discrimination and retaliation, in violation of Art. 15 of the Executive Law, the Human Rights Law, as amended ("NYSHRL"), Exec.

L. § 290 *et seq.*, including aiding and abetting thereof (Count Ten); and

(i)      unlawful discrimination and retaliation, in violation of 42 U.S.C. § 1981 (Count Eleven).

3.      The statutes under which this lawsuit arises broadly protect employees.

4.      The FLSA and Labor Law have a broad remedial purpose to protect workers and are construed liberally to effect such purpose. *See Benitez v. Demco of Riverdale LLC*, 2015 US Dist LEXIS 79570, at *7 (S.D.N.Y.); *Hoffmann v. Sbarro,* 982 F.Supp. 249, 262 (S.D.N.Y. 1997); *Matheson v. T-Bone Rest. LLC.*, 2011 US Dist LEXIS 143773, at *20-21 (S.D.N.Y.).

5.      Not only do the FLSA and Labor Law protect an employee from non-payment of wages and overtime pay, those statutes also broadly prohibit an employer and/or individual from retaliating against an employee for making a complaint, whether oral or written, internal or external, regarding rights provided by those laws. *See, e.g.*, *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011); *Greathouse v. JHS Security, Inc.*, 784 F.3d 105 (2015).

6.      The Second Circuit has "repeatedly affirmed that the remedial nature of the FLSA warrants an expansive interpretation of its provisions so that they will have the widest possible impact in the national economy." *Greathouse v. JHS Security, Inc.*, 784 F.3d 105, 113-114 (2015) (internal quotation marks omitted).

7.      In addition to wage and hour laws, federal, state and local laws broadly prohibit an employer from discriminating and retaliating against an employee on the basis of membership in a protected class and the making of a protected complaint.

8.      Indeed, on August 12, 2019, Governor Andrew M. Cuomo signed legislation that substantially expanded and broadened the protections against discrimination and harassment in the NYSHRL.

9.      The legislation mandates, among other items, that the NYSHRL be *liberally construed* without reference to federal law that may lead to a more restrictive result. *See* 2019 N.Y. ALS 160, 2019 N.Y. Laws 160, 2019 N.Y. Ch. 160, 2019 N.Y. AB 8421, 2019 N.Y. ALS 160, 2019 N.Y. Laws 160, 2019 N.Y. Ch. 160, 2019 N.Y. AB 8421, at § 6, *amending* NY CLS

Exec § 300 *as previously amended by* chapter 166 of the laws of 2000.

## THE PARTIES, JURISDICTION AND VENUE

10.    Plaintiff George L. Martinez ("Plaintiff") is an adult individual residing in New York.

11.    Defendant Paul Yonkers Plumbing And Heating, Inc. (the "Company") is a domestic corporation incorporated under the laws of the State of New York, doing business in Nassau County, New York, and having a principal place of business and/or address at 327 Glen Cove Avenue #2007, Sea Cliff, NY 11579.

12.    Defendant Paul Yonkers ("Mr. Yonkers") is an adult individual and, upon information and belief, he resides in New York.

13.    Defendant Paul Yonkers, Jr. ("Paul, Jr.") is an adult individual and, upon information and belief, he resides in New York.

14.    This Court has jurisdiction over Plaintiff's claims pursuant to federal law, including the FLSA, 29 U.S.C. § 216(b), Title VII, 42 U.S.C. § 2000e *et seq*., 42 U.S.C. § 1981, and 28 U.S.C. §§ 1331, 1343, 1367(a).

15.    Venue is proper in this district pursuant to federal law, including the FLSA, 29 U.S.C. § 216(b), Title VII, 42 U.S.C. § 2000e *et seq*., and 28 U.S.C. § 1391.

## DEFENDANTS FAILED TO PAY PLAINTIFF FOR OVERTIME WORK

16.    Plaintiff is Hispanic and of Dominican ancestry, and is a former employee of Defendants.

17.    The Company is a business engaging in plumbing and heating work.

18.    Mr. Yonkers is engaged in the business of plumbing and heating work and is also engaged in the management of the Company as its President/Owner.

19.    Paul, Jr. is engaged in the business of plumbing and heating work and is also employed by the Company and engaged in the management of the Company.

20.     Mr. Yonker's daughter, Brianne Yonkers ("Brianne") is employed by the Company and functions in a managerial capacity at the Company.

21.     In or about January 2018, Defendants hired Plaintiff as a plumber.

22.     At that time, and in consideration of Plaintiff's employment, Defendants agreed and promised, and formed a contract with Plaintiff:

      (a)     to pay Plaintiff for all time worked;

      (b)     to pay Plaintiff at an initial straight time hourly wage rate of $32 and to pay Plaintiff overtime wages for overtime work; and

      (c)     to pay Plaintiff at the straight time hourly rate of $40 after three months' employment.

23.     Plaintiff was employed through December 2018.

24.     During the period of Plaintiff's employment, Mr. Yonkers and Paul, Jr. had operational control over the Company's actual operations in a manner that related to Plaintiff's employment, including Plaintiff's workplace conditions and operations of his employment, his hiring and firing, the rate and method of his compensation and payment, the maintenance of employment records, and supervisory control over Plaintiff.

25.     Mr. Yonkers referred to the Company as "my company" when exercising operational control over its actual operations in a manner that related to Plaintiff's employment.

26.     Plaintiff was an hourly employee.

27.     Plaintiff was non-exempt within the meaning of the FLSA and Labor Law.

28.     Plaintiff's regular workweek was five days.

29.     Defendants did not provide Plaintiff with any paid vacation time or paid holidays.

30.     During Plaintiff's employment with Defendants, Plaintiff worked overtime.

31.     During Plaintiff's employment with Defendants, he regularly worked more than 40 compensable hours per workweek.

32.     Defendants had actual or constructive knowledge that Plaintiff worked overtime.

-4-

33.     On a daily basis, Plaintiff reported to Defendants' premises at about 7:30 a.m. and began his workday with the receipt of work assignments (a ticket for each assignment) and a service van.

34.     On a daily basis, Defendants assigned Plaintiff multiple work assignments (*i.e.*, service calls) at various locations in Long Island.

35.     After receiving his work assignments and the service van, Plaintiff would leave Defendants' premises to perform the work assignments.

36.     For each work assignment, Plaintiff would drive the service van to the customer's location, perform the work assignment, and complete paperwork relating to same.

37.     Defendants charged customers fees on an hourly basis and documentation was created recording the amount of time spent by Plaintiff at each customer location on the particular assignment.

38.     During the workday, Plaintiff would sometimes return to Defendants' premises, or travel to a plumbing supply store, to obtain additional supplies and equipment to perform work.

39.     On a daily basis, after completing the work assignments, Plaintiff would return the service van to Defendants' premises and clean out the service van.

40.     After returning the service van to Defendants' premises and cleaning out the service van, Plaintiff's workday would end.

41.     On average, Plaintiff worked about 59.5 hours a week, as follows: (a) 7:30 a.m. to about 8:00 p.m. on three days and (b) 7:30 a.m. to about 6:30 p.m. on two days.

42.     Defendants did not maintain a time-keeping system for hourly employees, in violation of applicable wage and hour laws.

43.     Plaintiff was entitled to be paid overtime pay, at the rate of 1.5 times his regular hourly wage rate, for all time worked in excess of 40 hours per week.

44.     Pursuant to the FLSA and Labor Law, Defendants were legally and statutorily required to pay Plaintiff wages at the rate of one and one-half (1.5) times the required regular hourly rate ("overtime pay") for all time worked by him in excess of 40 hours per week.

45.     Plaintiff regularly worked more than 40 hours per week and was entitled to be paid wages at the applicable overtime rate for all such overtime work.

46.     Defendants *never* paid Plaintiff any wages for time spent working in excess of 40 hours per week.

47.     Defendants *never* paid Plaintiff any overtime wages for time spent working in excess of 40 hours per week.

48.     Defendants knew or should have known that, pursuant to the FLSA and Labor Law, they were legally and statutorily required to pay Plaintiff overtime pay for all compensable time worked by him in excess of 40 hours per week.

49.     Defendants unlawfully failed to pay Plaintiff wages and overtime pay for all time worked by him in excess of 40 hours per week, in violation of the FLSA and Labor Law.

50.     Defendants' unlawful failure to pay Plaintiff wages and overtime pay was intentional and willful within the meaning of the FLSA and Labor Law.

51.     After Plaintiff was employed for three months, Defendants unlawfully failed to increase Plaintiff's straight time hourly wage rate to $40/hour.

52.     There is a sum accrued, due and owing by Defendants to Plaintiff as and for unpaid wages/overtime pay, which amounts have not been paid to Plaintiff.

**DEFENDANTS DISCRIMINATED AGAINST AND RETALIATED AGAINST PLAINTIFF AND UNLAWFULLY TERMINATED HIS EMPLOYMENT**

53.     At all times, Plaintiff was fully qualified for his position.

54.     In addition to unlawfully failing to pay Plaintiff his earned wages and earned overtime pay, Defendants also unlawfully discriminated against and harassed Plaintiff based on his race/color and national origin (ethnicity/ancestry), and subjected him to a hostile work environment.

-6-

55.     During Plaintiff's employment, Defendants Mr. Yonkers and Paul, Jr. made discriminatory, harassing and racist comments to Plaintiff on virtually a daily basis.

56.     The discriminatory, harassing comments and racist comments made by Mr. Yonkers and Paul, Jr. to Plaintiff included, among other items, referring to him as:

(a) "Spic";

(b) "hoodlum";

(c) "thug";

(d) "go back to the Bronx";

(e) "you come all the way from the Bronx and the hood"; and/or

(f) the N-word.

57.     Upon information and belief, Defendants also discriminated against Plaintiff by paying higher hourly wage rates to employees outside Plaintiff's protected classes.

58.     In or about June 2018, Plaintiff complained to Defendants about the unlawful discrimination and unlawful failure to pay him wages/overtime pay due and owing to him.

59.     Defendants failed and refused to take remedial action, continued to discriminate against Plaintiff and violate his rights, and told Plaintiff to drop his complaint, threatening his employment.

60.     For example, in September 2018, Plaintiff through no fault of his own was involved in an on-the-job automobile accident while driving Defendants' service van.

61.     Plaintiff reported the incident to Defendants.

62.     Mr. Yonkers and Paul, Jr. replied by making discriminatory, harassing and racist comments to him, including without limitation:

(a)     "You Spic-how can you have an accident with the Company's car?"; and

(b)     "$60,000 down the drain, you fucking Spic!"

63.     Plaintiff opposed, objected to and complained about Defendants' unlawful conduct and engaged in protected activity, and was subjected to unlawful retaliation.

## DECEMBER 2018 AND TERMINATION OF EMPLOYMENT

64.     In or about early December 2018, Plaintiff complained to Defendants about the unlawful failure to pay him wages/overtime pay due and owing to him.

65.     On December 13, 2018, Plaintiff learned that Defendants were holding an office Christmas party that night at a restaurant/bar in Long Island.

66.     Plaintiff attended the party and arrived after 9:30 p.m.

67.     When Plaintiff entered the party, Mr. Yonkers intentionally pointed at Plaintiff and made a comment, causing the staff to laugh at Plaintiff, humiliating Plaintiff.

68.     Plaintiff was then seated at a table very close to the bathroom.

69.     Mr. Yonkers walked by Plaintiff and told him in hostile tone to "eat quick."

70.     During the party, Defendants distributed bonus payments to staff, but excluded Plaintiff.

71.     Defendants' conduct at the party constituted additional discrimination and retaliation.

72.     On December 14, 2018, Plaintiff reported to work and received his assignments.

73.     At that time, Plaintiff complained to Brianne that Mr. Yonkers and Paul, Jr. had repeatedly made racist comments to him including "Spic," "hoodlum," "thug," the N-word, and that he considered the incidents at the prior night's party to be a continuation of the discrimination.

74.     Plaintiff then left Defendants' premises to perform service calls.

75.     Upon information and belief, Brianne then advised Mr. Yonkers and/or Paul, Jr. of Plaintiff's protected complaint made to her that morning.

76.     Defendants knew or should have known of Plaintiff's protected complaint made to Brianne that morning.

77.     Defendants had actual or constructive knowledge of Plaintiff's protected complaint made to Brianne that morning.

78.     On December 17, 2018, Plaintiff reported to work and received his assignments.

79.     Plaintiff then left Defendants' premises to perform service calls.

80.     In the midst of the work day, Mr. Yonkers summoned Plaintiff to the office.

81.     Plaintiff then returned to Defendants' premises.

82.     Mr. Yonkers approached Plaintiff in the parking lot and terminated his employment.

83.     Plaintiff asked for an explanation of the termination decision.

84.     Mr. Yonkers told Plaintiff words to the effect of:

    (a)     "my Company gets slow once in a while";

    (b)     "I can no longer afford you";

    (c)     "get your tools and go home";

    (d)     "you can collect unemployment benefits"; and

    (e)     "if things pick up, we'll call you."

85.     Mr. Yonkers' statements to Plaintiff were false and a pretext for unlawful discrimination and retaliation, in violation of applicable law.

86.     Upon information and belief, at the time Defendants terminated Plaintiff's employment and/or shortly thereafter:

    (a)     there was no slowdown in work;

    (b)     Defendants could afford Plaintiff's salary;

    (c)     Defendants did not terminate any other employee; and

    (d)     Defendants sought to hire additional staff and did so.

87.     Defendants never sought to rehire Plaintiff.

## COUNT ONE

### (FLSA-Wages/Overtime Pay)

88.     Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

89.     At all relevant times, Plaintiff was an individual employed by Defendants and was an "employee" of Defendants within the meaning of the FLSA, *see, e.g.*, 29 U.S.C. §§ 203(e), 203(g).

90.     At all relevant times, Defendants were each an "employer" within the meaning of the FLSA and each was Plaintiff's employer. *See, e.g.*, 29 U.S.C. § 203(d).

91.     At all relevant times, Defendants were each a "joint employer" within the meaning of the FLSA and each was Plaintiff's "joint employer." *See, e.g.*, 29 U.S.C. § 203(d).

92.     Plaintiff was engaged in commerce and/or the Company was an enterprise engaged in commerce within the meaning of the FLSA.

93.     The business activities of the Company, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA, *see, e.g.*, 29 U.S.C. § 203(r).

94.     Defendants employ employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

95.     The Company is an enterprise that has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.

96.     Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, *see, e.g.*, 29 U.S.C. § 203(s)(l)(A).

97.     Defendants failed to pay Plaintiff wages/overtime pay, in violation of the FLSA and its supporting regulations, *see, e.g.*, 29 U.S.C. § 207.

98.     Defendants have failed to pay Plaintiff wages/overtime pay for time he worked in excess of 40 hours per week, in violation of the FLSA and its supporting regulations.

99.     Defendants' unlawful conduct as alleged herein was willful within the meaning of the FLSA and in reckless disregard of the requirements of the FLSA, not in good faith, and lacking reasonable grounds for believing that its or their acts or omissions were not in violation of the FLSA, *see, e.g.,* 29 U.S.C. §§ 216(b), 255(a), 260.

100.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including without limitation damages for lost wages/overtime pay, lost interest, and attorneys' fees and costs.

101.    As a direct result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages from Defendants under the FLSA, including without limitation damages for lost wages/overtime pay, lost interest, and attorneys' fees and costs, *see, e.g.*, 29 U.S.C. §§ 216(b), 255(a).

102.    Plaintiff is entitled to recover liquidated damages from Defendants in an amount equal to one-hundred percent (100%) of Plaintiff's damages, under the FLSA, *see, e.g.*, 29 U.S.C. §§ 216(b), 255(a), 260.

103.    Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate Plaintiff for Defendants' unlawful conduct and violation of the FLSA, *see, e.g.,* 29 U.S.C. §§ 216(b), 255(a).

104.    Plaintiff is further entitled to recover attorneys' fees and costs, as against Defendants, *see, e.g.*, 29 U.S.C. §§ 216(b), 255(a).

105.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## COUNT TWO
### (FLSA-Retaliation)

106.    Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

107.    Plaintiff engaged in protected activity under the FLSA.

108.    Defendants unlawfully terminated Plaintiff's employment, in violation of the FLSA and its supporting regulations, *see, e.g.*, 29 U.S.C. § 215(a)(3).

109.    Defendants unlawfully retaliated against Plaintiff, in violation of the FLSA and its supporting regulations, *see, e.g.*, 29 U.S.C. § 215(a)(3).

110.    Defendants' unlawful conduct as alleged herein was willful within the meaning of the FLSA and in reckless disregard of the requirements of the FLSA, not in good faith, and lacking reasonable grounds for believing that its or their acts or omissions were not in violation of the FLSA, *see, e.g.,* 29 U.S.C. §§ 216(b), 255(a), 260.

111.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including without limitation damages for lost wages, lost interest, and attorneys' fees and costs.

112.    As a direct result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages from Defendants under the FLSA, including without limitation damages for lost wages, lost interest, and attorneys' fees and costs, *see, e.g.*, 29 U.S.C. §§ 215(a)(3), 216(b), 255(a).

113.    Plaintiff is entitled to recover liquidated damages from Defendants in an amount equal to one-hundred percent (100%) of Plaintiff's damages, under the FLSA, *see, e.g.*, 29 U.S.C. §§ 215(a)(3), 216(b), 255(a), 260.

114.    Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate Plaintiff for Defendants' unlawful conduct and violation of the FLSA, *see, e.g.,* 29 U.S.C. §§ 215(a)(3), 216(b), 255(a).

115.    Plaintiff is further entitled to recover attorneys' fees and costs, as against Defendants, *see, e.g.*, 29 U.S.C. §§ 215(a)(3), 216(b), 255(a).

116.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## COUNT THREE

### (New York State Labor Law: Wages/Overtime Pay)

117.    Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

118.    At all relevant times, Plaintiff was an "employee" of each Defendant within the meaning of the Labor Law.

119.    At all relevant times, each Defendant was an "employer" of Plaintiff within the meaning of the Labor Law.

120.    At all relevant times, each Defendant was a "joint employer" of Plaintiff within the meaning of the Labor Law.

121.    Plaintiff's compensation and benefits with Defendants were "wages" within the meaning of the Labor Law.

122.    At all relevant times, Plaintiff has been covered by the Labor Law and its supporting regulations, *see, e.g.,* Lab. L. § 650 *et seq*. and 12 N.Y.C.R.R. §§ 142, 146.

123.    At all relevant times, the overtime provisions of the Labor Law and its supporting regulations applied to Defendants and protected Plaintiff.

124.    Defendants failed to pay Plaintiff wages/overtime pay, in violation of the Labor Law and its supporting regulations.

125.    Defendants failed to pay Plaintiff wages/overtime pay for time he worked in excess of 40 hours per week, in violation of the Labor Law and its supporting regulations.

126.    Defendants Mr. Yonkers and Paul, Jr. aided and abetted the Company's unlawful conduct and failure to pay Plaintiff wages/overtime pay for time Plaintiff worked in excess of 40 hours per week in violation of the Labor Law and its supporting regulations.

127.    Defendants willfully and without a good faith basis violated the Labor Law and its supporting regulations.

128.     Plaintiff is entitled to recover from Defendants, among other items, an award of unpaid wages/overtime pay, liquidated damages, costs, reasonable attorneys' fees, and interest.

129.     Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate Plaintiff for Defendants' violation of the Labor Law and its supporting regulations and failure to pay Plaintiff wages/overtime pay.

130.     By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

<u>**COUNT FOUR**</u>

**(New York State Labor Law: Retaliation)**

131.     Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

132.     At all relevant times, Plaintiff was an "employee" of each Defendant within the meaning of the Labor Law.

133.     At all relevant times, each Defendant was an "employer" of Plaintiff within the meaning of the Labor Law.

134.     At all relevant times, Mr. Yonkers and Paul, Jr. were each an "agent" and/or "officer" of the Company within the meaning of the Labor Law.

135.     At all relevant times, each Defendant was a "joint employer" of Plaintiff within the meaning of the Labor Law.

136.     Plaintiff's compensation and benefits with Defendants were "wages" within the meaning of the Labor Law.

137.     At all relevant times, Plaintiff has been covered by the Labor Law and its supporting regulations, *see, e.g.,* Labor Law § 215.

138.     At all relevant times, the provisions of the Labor Law and its supporting regulations applied to Defendants and protected Plaintiff.

-14-

139.     Under Labor Law § 215(1)(a), "(a) No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer...that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner... or (vi) because such employee has otherwise exercised rights protected under this chapter...."

140.     Under Labor Law § 215(2)(a), "An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section.  The court shall have jurisdiction to restrain violations of this section, within two years after such violation, regardless of the dates of employment of the employee, and to order all appropriate relief, including enjoining the conduct of any person or employer; ordering payment of liquidated damages, costs and reasonable attorneys' fees to the employee by the person or entity in violation; and, where the person or entity in violation is an employer, ordering rehiring or reinstatement of the employee to his or her former position with restoration of seniority or an award of front pay in lieu of reinstatement, and an award of lost compensation and damages, costs and reasonable attorneys' fees.  Liquidated damages shall be calculated as an amount not more than twenty thousand dollars.  The court shall award liquidated damages to every employee aggrieved under this section, in addition to any other remedies permitted by this section."

141.     Each Defendant, by its conduct, violated Labor Law § 215.

142.     Each Defendant has willfully and without a good faith basis violated the Labor Law.

143.     Plaintiff is entitled to recover from Defendants, among other items, an award of lost compensation and damages, an award of front pay in lieu of reinstatement, liquidated damages, costs, reasonable attorneys' fees, and interest.

-15-

144. Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate Plaintiff for Defendants' unlawful conduct and violation of the Labor Law.

145. By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## COUNT FIVE

### (Breach of Contract)

146. Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

147. A contract exists as between Plaintiff and Defendants providing for Plaintiff's wages and compensation with Defendants.

148. Plaintiff performed his contractual obligations to Defendants.

149. Defendants breached their contractual obligations to Plaintiff by, among other items, failing:

      (a)     to pay Plaintiff for all time worked;

      (b)     to pay Plaintiff wages/overtime pay for overtime work; and

      (c)     to pay Plaintiff at the straight time hourly rate of $40 after three months' employment.

150. Defendants violated the covenant of good faith and fair dealing.

151. By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## COUNT SIX

### (Unjust Enrichment)

152. Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

-16-

153.    Defendants have been unjustly enriched and benefitted at Plaintiff's expense by, among other items, failing:

        (a)    to pay Plaintiff for all time worked;

        (b)    to pay Plaintiff wages/overtime pay for overtime work; and

        (c)    to pay Plaintiff at the straight time hourly rate of $40 after three months' employment.

154.    The circumstances are such that equity and good conscience require Defendants to make full restitution to Plaintiff.

155.    By reason of the foregoing, Plaintiff is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate Plaintiff for Defendants' unjust enrichment.

156.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## COUNT SEVEN

### (Promissory Estoppel)

157.    Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

158.    Defendants made clear and unambiguous promises to Plaintiff, including without limitation, promises regarding his wages and compensation with Defendants.

159.    Defendants acted or comported themselves wrongfully or negligently, inducing reliance by Plaintiff who was entitled to rely and who changed his position to his detriment or prejudice.

160.    Plaintiff reasonably, foreseeably and justifiably relied on Defendants' promises.

161.    In reliance on Defendants' promises, Plaintiff accepted employment with the Company and continued his employment with the Company.

162.    Defendants broke their promises to Plaintiff.

163.    As a direct and proximate cause of the broken promises by Defendants to Plaintiff, and Plaintiff's justifiable reliance thereon, Defendants have caused Plaintiff to suffer substantial damages.

164.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

**COUNT EIGHT**

**(New York State Labor Law: Wage Theft Prevention Act)**

165.    Plaintiff repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

166.    Pursuant to the Wage Theft Protection Act, codified at Labor Law § 195(3),  every employer must "furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation...the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

167.    During the relevant period, each Defendant was an "employer" of Plaintiff.  N.Y. Lab. L. § 190(1).

168.    Defendants violated Labor Law § 195(3) and unlawfully failed to provide at any time to Plaintiff the required statutory wage notice and statements, and/or failed to provide accurate statements, in violation of wage statement provisions of Labor Law § 195(3).

169.    Defendants knew or should have known that the Labor Law required them to provide such notices and statutory wage statements to Plaintiff.

170.    Defendants' unlawful failure to provide Plaintiff such statutory notices and wage statements under the Labor Law, and failure to comply with the requirements of Labor Law § 195, was intentional, willful and made without good faith.

171.    Plaintiff can maintain a cause of action against Defendants, *see, e.g.*, N.Y. Lab. L. § 195(3); N.Y. Lab. L. § 198(1-d).

172.    Due to Defendants' violations of the Labor Law, Plaintiff is entitled to recover from Defendants, among other items, statutory damages, costs and reasonable attorneys' fees.

173.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## COUNT NINE

### (Title VII)

174.    Plaintiff repeats and realleges every allegation in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

175.    This Count is brought against the Company under Title VII and reference is made to Title VII in its entirety.

176.    In July 2019, Plaintiff timely filed a charge of discrimination with the EEOC and the EEOC subsequently issued a notice of right to sue letter dated September 8, 2020.

177.    Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

178.    To state a claim under Title VII, the plaintiff must merely allege that the employer took adverse action against the plaintiff and that protected status was a substantial or motivating factor in the employment decision. *See, e.g., Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 85 (2d Cir. 2015).

179.    "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015).

180.    "[A]t the pleadings stage of an employment discrimination case, a plaintiff has a minimal burden of alleging facts suggesting an inference of discriminatory motivation." *Vega*, 801 F.3d at 85 (emphasis and internal quotation marks omitted).

181.    Upon information and belief, at all relevant times herein, the Company was an "employer", "covered entity" and a "person" within the meaning of Title VII.

182.    At all relevant times herein, Plaintiff was a "person" within the meaning of Title VII.

183.    The Company took adverse action against the Plaintiff and Plaintiff's protected status was a substantial or motivating factor in the employment decision.

184.    The Company's conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination, unlawful harassment, unlawful retaliation, and unlawful discharge, in violation of Title VII.

185.    The Company's conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination, harassment and retaliation.

186.    As a result of the Company's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

187.    As a further result of the Company's unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

188.    Plaintiff is entitled to recover monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company.

189.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against the Company, in an amount to be determined.

## COUNT TEN

### (NYSHRL)

190.    Plaintiff repeats and realleges every allegation in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

191.    This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 *et seq*. and reference is made to the NYSHRL in its entirety.  *See* Exec. L. §§ 296(1), (6), (7).

192.    Significantly, on August 12, 2019, Governor Andrew M. Cuomo signed legislation that substantially expanded and broadened the protections against discrimination and harassment in the NYSHRL.

193.    The legislation mandates, among other items, that the NYSHRL be *liberally construed* without reference to federal law that may lead to a more restrictive result.

194.    At all relevant times, each Defendant was an "employer," "covered entity" and "person" within the meaning of the NYSHRL.  *See* Exec. L. § 292.

195.    At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, and a "person" and "individual" within the meaning of the NYSHRL.  *See* Exec. L. §§ 292, 296.

196.    At all relevant times, Defendants were each a "joint employer" within the meaning of the NYSHRL and each was Plaintiff's "joint employer."

-21-

197.    Defendants are each liable for the unlawful conduct herein both as an "employer" under the NYSHRL and as a "person" under the "retaliation" and "aiding and abetting" provisions of the NYSHRL.  *See* Exec. L. §§ 296(6), (7).

198.    Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination, unlawful harassment, unlawful retaliation, and unlawful discharge, in violation of the NYSHRL.

199.    Defendants Mr. Yonkers and Paul, Jr. are individuals with ownership interest in the Company and/or supervisory control with authority to hire and fire employees, including Plaintiff.

200.    Defendants Mr. Yonkers and Paul, Jr. actually participated in the conduct that constituted unlawful discriminatory practices, unlawful discrimination, unlawful harassment, unlawful retaliation, and unlawful discharge, in violation of the NYSHRL.

201.    Plaintiff has suffered damages as a result of Defendants' unlawful conduct.

202.    As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

203.    As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

204.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## COUNT ELEVEN

### (42 U.S.C. § 1981)

205.    Plaintiff repeats and realleges every allegation in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

206.    Pursuant to 42 U.S.C. § 1981, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other" and "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

207.    Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination, unlawful harassment, unlawful retaliation, and unlawful discharge, in violation of 42 U.S.C. § 1981.

208.    The conduct of Mr. Yonkers and Paul, Jr., as described herein, had an affirmative link to the discriminatory actions of the Company.

209.    Plaintiff's race/color and/or national origin (ethnicity/ancestry) were a but-for cause of the challenged action.

210.    Defendants acted with malice, willfulness, and/or reckless disregard for Plaintiff's protected rights.

211.    Plaintiff has suffered damages as a result of Defendants' unlawful conduct.

212.    By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff against Defendants, on all Counts, including as follows:

(A) Award Plaintiff damages suffered by virtue of Defendants' violation of the FLSA, violation of the New York State Labor Law, breach of contract, unjust enrichment, promissory estoppel, violation of the Wage Theft Prevention Act, violation of Title VII, violation of the NYSHRL, and violation of 42 U.S.C. § 1981, in an amount to be determined;

(B) Award Plaintiff damages for unpaid wages, unpaid overtime pay and unpaid overtime wages, lost earnings, lost wages, lost overtime pay, back pay, front pay, lost compensation, lost benefits, and other economic and actual damages, in an amount to be determined;

(C) Award Plaintiff consequential damages, in an amount to be determined;

(D) Award Plaintiff compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in an amount to be determined;

(E) Award Plaintiff liquidated damages, in an amount to be determined;

(F) Award Plaintiff punitive damages and exemplary damages, in an amount to be determined;

(G) Award Plaintiff the costs of this action, together with reasonable attorneys' fees, in an amount to be determined;

(H) Award Plaintiff lost interest, in an amount to be determined;

(I) Award Plaintiff as against Defendants a judgment that additionally provides, among other items, that if any amounts awarded under the Labor Law remain

unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (*see* N.Y. Lab. L. § 663);

(J)     Award Plaintiff any and all other damages and relief requested herein;

(K)     Award Plaintiff any and all other damages and relief provided by the applicable statutes and applicable law, in an amount to be determined; and

(L)     Award Plaintiff such further damages and relief as may be just and proper, in an amount to be determined.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable.

Dated:  New York, New York
        December 7, 2020

                                        GOLDBERG & FLIEGEL LLP

                                        /s/ Kenneth A. Goldberg

                        By:             _____
                                        Kenneth A. Goldberg
                                        GOLDBERG & FLIEGEL LLP
                                        488 Madison Avenue, #1120
                                        New York, New York 10022
                                        (212) 983-1077
                                        kgldbrg@aol.com
                                        Attorneys for the Plaintiff